Kern, Leila R., J.
The plaintiff, Michael Meloche,
brought this action on behalf of Robert Jamara to recover damages arising out of Jamara’s sale of three properties located in North Brookfield, Massachusetts. After a ten-day trial, the jury found defendant Barbara March liable for breach of contract, breach of a promissory note, conversion, and fraud in connection with her purchase of two of the three properties in question. The jury also found defendant Attorney Howard Stempler liable for legal malpractice and fraud. Stempler now moves for judgment notwithstanding the jury’s verdict or, alternatively, for a new trial.
DISCUSSION
The court grants judgment notwithstanding the verdict “cautiously and sparingly,” Netherwood v. American Fed’n of State, County, & Mun. Employees, 53 Mass.App.Ct. 11, 20 (2001), and only in cases where reasonable people could have reached but one conclusion as to the verdict, Corsetti v. Stone Co., 396 Mass. 1, 21 (1985). In assessing the reasonableness of the jury’s findings, the court considers “whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the nonmoving party.” Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 350 (2008) (internal quotation marks and citations omitted). The court does not weigh conflicting evidence or assess the credibility of the witnesses. IcL Rather, the court must construe the evidence most favorably to the plaintiff and determine whether “the jury reasonably could have returned a verdict for the plaintiff.” Id. (internal quotation marks and citations omitted).
When ruling on a motion for a new trial, in contrast, the court “must necessarily consider the probative force of the evidence.” O’Brien v. Pearson, 449 Mass. 377, 384 (2007). This inquiry, however, is not an invitation for the court to substitute its own judgment for that of the jury. Tosti v. Ayik, 394 Mass. 482, 494 (1985). The court “should only set aside a verdict as against the weight of the evidence when it is determined that the jury ‘failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.’ ” O’Brien, 449 Mass. at 384, quoting Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520 (1989).
An attorney who breaches the duty of care owed to his or her client is liable to the client for all reasonably foreseeable losses caused by the attorney’s negligence. Fishman v. Brooks, 396 Mass. 643, 646 (1986). As a general rule, the plaintiff must prove the existence of an attorney-client relationship for liability to attach.[3] DeVaux v. American Home Assur. Co., 387 Mass. 814, 817 (1983); see also Lawrence Sav. Bank v. Levenson, 59 Mass.App.Ct. 699, 708 (2003) (existence of attorney-client relationship is a question of fact). In this case, the jury found such a relationship existed between Attorney Stempler and Jamara with respect to each of the real estate transactions in question, although it limited Stempler’s legal malpractice liability to damages resulting from the sale of Lots F and H on Ryan Road. Stempler argues that he represented the buyers (i.e., Barbara March and Dennis Coll) during the three transactions, not Jamara, and the jury’s finding to the contrary is not supported by the evidence.
This court finds that the jury reasonably could have found an attorney-client relationship between Stempler and Jamara, beginning with the Hillsville Road transaction. The evidence presented was sufficient for the jury to reasonably infer that Stempler provided legal services to March and Jamara, both as *288 his clients, when he assisted them with the transfer of Jamara’s Hillsville Road farm house to March. According to Stempler’s own testimony, he believed there was almost a familial relationship between Jamara and March. With this understanding, Stempler performed all contract preparation and title work necessary to complete the transaction. Jamara testified that he believed Stempler was assisting both March and himself in the transaction, even though he knew Stempler was March’s attorney. The jury also heard testimony that Stempler retained March’s signed promissory note (i.e., a negotiable instrument belonging to Jamara) in a safe at his office, from which the jury could have inferred that Stempler knew he was Jamara’s lawyer at that time.
The jury could also have reasonably concluded that Stempler’s representation of Jamara continued beyond the Hillsville Road sale.[4] With respect to Jamara’s sale of Lot D on Ryan Road to Dennis Coll, the uncontested evidence established that March, acting as Jamara’s agent, contacted Stempler for the legal work necessary to complete the sale. By Stempler’s own admission, he knew March was acting as Jamara’s agent with respect to this transaction, and he prepared and delivered the purchase and sale agreement to March before having either met or spoken with Coll. Thus, the jury could logically reject Stempler’s contention that he represented Coll, rather than Jamara, during this transaction. Other evidence of Stempler’s ongoing representation of Jamara included a power of attorney Stempler prepared for Jamara, the subject of which concerned Jamara’s real estate; Stempler’s collection of attorneys fees from Jamara, including fees attributable to the sale of Lots F and H; and Stempler’s retention of Coil’s signed promissory note in a safe at his office, the closing for which took place simultaneously with the closing for Lots F and H. See Williams v. Ely, 423 Mass. 467, 476 (1996) (collection of legal fees as evidence of attorney-client relationship). Collectively, this evidence provided a sufficient basis upon which the jury could have found that Jamara was Stempler’s client in relation to the transfer of Lots F and H on Ryan Road to March.[5]
Regarding causation, there was evidence that Stempler failed to have March execute a mortgage at the closing. As a result, Jamara received neither compensation nor security for the sale of Lots F and H to March. The jury also heard expert testimony concerning Stempler’s breach of his duty of care, including his failures to caution Jamara regarding the low sale price of the property and to advise him of the risks inherent in a seller-financed transaction. The jury was entitled to conclude from this evidence that Jamara’s loss of rights in Lots F and H was caused by Stempler’s failure to adequately counsel Jamara, as well as his failure to secure Jamara a mortgage in the transferred property.
In sum, this court finds the jury’s verdict on Jamara’s legal malpractice claim supported by the evidence, not against the weight of the evidence, and in accordance with established legal principles. The jury’s verdict must therefore stand. The court need not address the validity of the jury’s verdict in favor of Jamara on his fraud claim, as no additional damages resulted from this claim.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Howard Stempler’s Motion for Judgment Notwithstanding the Verdict and/or New Trial is DENIED.

 The Supreme Judicial Court has suggested, in dictum, that an attorney may be liable to “nonclients who the attorney knows will rely on the services rendered.” E.g., Williams v. Ely, 423 Mass. 467, 475 (1996); Robertson, 404 Mass. at 524; see also Cheswell, Inc. v. Premier Homes & Land Corp., 319 F.Sup.2d 144, 150-51 (D.Mass. 2004) (denying summary judgment on negligence claim where attorney failed to record mortgage for benefit of non-client).

 The jury was not required to view each transaction in isolation. Although Stempler’s representation of Jamara during the Hillsville Road sale does not necessarily create an attorney-client relationship with respect to future matters, see Robertson, 404 Mass. at 522, it is nonetheless evidence of Stempler’s representation of Jamara in related transactions during that time, see Lawrence Sav. Bank, 59 Mass.App.Ct. at 708 (attorney’s representation of plaintiff in similar transactions was evidence of attorney-client relationship). All of the transactions in question took place within a span of less than a year, and the nature of Stempler’s services in each instance was the same.

 Both plaintiffs expert, Attorney Robert Hoffman, and Attorney Stempler testified that the closing on the 24-25 Hillsville Road transaction did not conclude until the deed and mortgage were recorded at the Registry of Deeds on December 28, 1999. The purchase and sale agreements for Lots F and H and then for Lot D were prepared by Attorney Stempler before December 28, 1999.